# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | CHAPTER 7 |
| AMERIKING, INC., ET. AL. ) | |
| ) | CASE NO. 02-13515 (LHK) |
| DEBTORS. ) | JOINTLY ADMINISTERED |
| ) | |
| ) | |
| GEORGE L. MILLER, CHAPTER 7 ) | |
| TRUSTEE, ) | |
| ) | ADVERSARY PROCEEDING |
| PLAINTIFF, ) | NO. _____ |
| ) | |
| V. ) | |
| ) | |
| ANDERSON NEWS COMPANY, ) | |
| ) | |
| DEFENDANT. ) | |

## COMPLAINT

As for its Complaint against Anderson News Company ("Defendant"), George L. Miller (the "Chapter 7 Trustee" or "Plaintiff"), as representative of the bankruptcy estates (collectively, the "Estates") of AmeriKing, Inc., AmeriKing Services Co., Inc., National Restaurant Enterprises Holdings, Inc., National Restaurant Enterprises, Inc. d/b/a AmeriKing Corp., AmeriKing Colorado Corporation I, AmeriKing Tennessee Corp. I, AmeriKing Indiana Holdings, Inc., and AmeriKing Indiana L.P. (collectively, the "Debtors"), alleges upon knowledge as to Debtors' own acts, and otherwise upon information and belief, as follows:

### Nature Of Case

1. This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential or fraudulent transfers of property made for or on account of an antecedent debt made to or for the benefit of Defendant

by any of the Debtors during the ninety day period prior to the filing of the Debtors' bankruptcy petitions under 11 U.S.C. §§547, 548, 502(d), and 550.

**Jurisdiction And Venue**

2. This Court has subject matter jurisdiction under 28 U.S.C. §§157 and 1334 in that this proceeding arises under and is related to the Chapter 11 cases filed by the Debtors in the United States Bankruptcy Court for the District of Delaware, jointly administered, for procedural purposes only, as Case No. 02-13515.

3. Venue is proper in the District of Delaware under 28 U.S.C. §1409 in that this proceeding arises from and relates to a bankruptcy case pending in this district.

4. The claims and causes of action set forth herein concern the determination, allowance, and amount of claims under 11 U.S.C. §§547, 548, 502(d), and 550. Accordingly, this is a core proceeding under 11 U.S.C. §157(b)(2).

**Parties**

5. Prior to commencing these Chapter 11 cases, the Debtors operated several hundred franchised restaurants at locations around the country.

6. On December 4, 2002 (the "Petition Date"), the Debtors filed voluntary petitions for relief (the "Bankruptcy Cases") under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware.

7. On January 6, 2002, an order was entered directing that the Bankruptcy Cases be jointly administered, for procedural purposes only, under Case No. 02-13515.

8. On June 8, 2004, an order was entered converting the Bankruptcy Cases to Chapter 7 of Title 11.

9. On June 9, 2004, George L. Miller was appointed Interim Trustee (the "Chapter 7 Trustee").

10. The Plaintiff is the Chapter 7 Trustee of the Estates of the Debtors.

11. Upon information and belief, the Defendant is an individual, corporation, or other entity doing business in the United States with an address listed on Schedule "A" attached hereto.

## Claims For Relief

### COUNT I

### (Avoidance of Preference Pursuant to 11 U.S.C. § 547)

12. The Plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 11 above, as if fully stated herein.

13. During the ninety days prior to the Petition Date (the "Preference Period"), the Defendant received from one or more of the Debtors one or more transfers by check, wire transfer, or their equivalent (the "Transfers").

14. The Transfers include, but are not limited to, those listed on Exhibit "A" attached hereto.

15. Each Transfer was directly to, or for the benefit of, the Defendant and in satisfaction of an antecedent debt.

16. The Defendant was a creditor of one or more of the Debtors at the time of the Transfers within the meaning of 11 U.S.C. §101(10)(A).

17. At the time of the Transfers, the Defendant had a right to payment on account of an obligation owed to the Defendant by one or more of the Debtors.

18. The Transfers were to or for the benefit of a creditor within the meaning of 11 U.S.C. §547(b)(1) because the Transfers either reduced or fully satisfied a debt then owed by one or more of the Debtors to the Defendant.

19. Shortly before the filing of this lawsuit, the Plaintiff or its counsel sent a letter to the Defendant requesting that the Defendant return the Transfers made within ninety days prior to the Petition Date.

20. As of the date hereto, the Defendant has not returned the Transfers.

21. The Transfers were made for or on account of an antecedent debt for which these Debtors were legally bound to pay and the Transfers were made within the meaning of 11 U.S.C. §101(12).

22. The Debtors were insolvent throughout the Preference Period within the meaning of the Bankruptcy Code, in that the sum of their debts was greater than the fair value of their assets, 11 U.S.C. §§101(32)(A), and 547(b)(3).

23. As a result of the Transfers, the Defendant received more than the Defendant would have received if:

    (a) The Debtors' Bankruptcy Cases were cases under Chapter 7 of Title 11;

    (b) The Transfers had not been made; and

    (c) The Defendant had received payment on its debt to the extent provided by the provisions of Title 11.

24. The Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. §547(b).

WHEREFORE, the Plaintiff prays for entry of an Order granting the following relief:

(a) A judgment that the Transfers identified herein (and any other Transfers from the Debtors to Defendant during the Preference Period discovered after the date of this Complaint) are avoided and set aside as preferences under 11 U.S.C. §547;

(b) A judgment that the Defendant, or any immediate or mediate transferee of the Defendant under 11 U.S.C. §550(a)(1), turn over the Transfers (and any other avoided Transfers discovered after the date of this Complaint);

(c) An award of pre-judgment interest at the maximum legal rate running from the time of the preference until the date of judgment herein;

(d) An award of post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

(e) An award of costs incurred in this suit; and

(f) Such other and further relief as this Court may deem necessary and proper.

## COUNT II

### (Avoidance of Fraudulent Transfers Pursuant to 11 U.S.C. §548)

25. The Plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 24 above, as if fully stated herein.

26. To the extent that any one or more of the Transfers including, but not limited to, those identified on Exhibit "A" was not on account of an antecedent debt owed by the Debtor making the Transfer, then the Debtor making the Transfer received less than a reasonably equivalent value in exchange for such Transfer (the "Fraudulent Transfer").

27. Any Fraudulent Transfer made while such Debtor making the Fraudulent Transfer:

    (a) Was insolvent on the date that the Fraudulent Transfer was made or became insolvent as a result of the Fraudulent Transfer; or

    (b) Was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with such Debtor was an unreasonably small capital; or

    (c) Intended to incur, or believed that such Debtor would incur, debts that would be beyond such Debtor's ability to pay as such debts matured.

28. The Plaintiff is entitled to avoid any Fraudulent Transfer pursuant to 11 U.S.C. §§544 and 548(a)(1)(B).

WHEREFORE, the Plaintiff prays for entry of an Order granting the following relief:

    (a) A judgment that the Defendant, or any immediate or mediate transferee of the Defendant under 11 U.S.C. §550(a)(1), turn over the Fraudulent Transfers (and any other Fraudulent Transfers discovered after the date of this Complaint);

    (b) An award of pre-judgment interest at the maximum legal rate running from the time of the Fraudulent Transfer until the date of judgment herein;

    (c) An award of post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

    (d) An award of costs incurred in this suit; and

    (e) Such other and further relief as this Court may deem necessary and proper.

## COUNT III

### (For Disallowance of Claims Pursuant to 11 U.S.C. §502(d))

29. The Plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 28 above, as if fully stated herein.

30. Section 502(d) of the Bankruptcy Code provides that, unless an entity or transferee receiving a payment that is avoidable under §§547 or 548 of the Bankruptcy Code, is turned over to the Estate, then any claim of such entity or transferee shall be disallowed.

31. The Defendant has not paid or surrendered to the Plaintiff the Transfers, and therefore, any unsecured claim which the Defendant has filed must be disallowed.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment in its favor and against the Defendant as follows:

(a) Disallowing any and all claims of the Defendant against the Debtors' Estates under §502(d) of the Bankruptcy Code;

(b) Awarding the Plaintiff its costs incurred in this action; and

(c) Granting such other and further relief as the Court deems just and equitable.

## COUNT IV

### (Recovery of Avoided Transfers Pursuant to 11 U.S.C. §550)

32. The Plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 31 above, as if fully stated herein.

33. To the extent that the Transfers are avoided under 11 U.S.C. §§547 or 548, Plaintiff is entitled to recover the Transfers from Defendant or any immediate or mediate transferee of the Defendant under 11 U.S.C. §550(a)(1).

WHEREFORE, the Plaintiff prays for entry of an Order granting the following relief:

(a) A judgment that the Plaintiff shall recover from the Defendant or any immediate or mediate transferee of the Defendant the Transfers and any other avoided transfers discovered after the date of this Complaint under 11 U.S.C. §550;

(b) An award of pre-judgment interest at the maximum legal rate running from the time of the Transfer or Fraudulent Transfer until the date of judgment herein;

(c) An award of post-judgment interest at the maximum legal rate running from the date of judgment herein until the date the judgment is paid in full;

(d) An award of costs incurred in this suit; and

(e) Such other and further relief as this Court may deem necessary and proper.

Respectfully submitted,

JANSSEN KEENAN & CIARDI P.C.

/s/ Albert A. Ciardi, III
Albert A. Ciardi, III, Esquire
Rosalie L. Spelman, Esquire (Bar No. 4153)
Janssen Keenan & Ciardi P.C.
901 Market Street
Suite 460
Wilmington, DE 19801
Phone: 302-472-9039
Fax: 302-397-2828
Counsel for George L. Miller
Chapter 7 Trustee